822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isiah V. WILLIAMS, Plaintiff-Appellant,
v.
Robert BROWN, Defendant-Appellee.
 No. 87-1177
 United States Court of Appeals, Sixth Circuit.
 July 6, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 Plaintiff has moved for appointment of counsel on appeal from the district court's dismissal of his prisoner civil rights complaint against Robert Brown, the Director of the Michigan Department of Corrections. Upon consideration of the record and appellant's brief, the panel unanimously agrees that oral argument is unnecessary. Fed. R. App. P. 34(a).
 
 
 2
 On October 31, 1986, plaintiff filed a complaint, pursuant to 42 U.S.C. Sec. 1983, in which he sought damages for his alleged illegal detention in administrative segregation. According to plaintiff's allegations, he was placed in administrative segregation from February 1 until February 4, 1985, without receiving a misconduct report or a hearing. He further alleges that on February 6, 1985, he received a major misconduct report for insolence and threatening behavior. A hearing was held on these charges on February 11, 1985; plaintiff was found guilty as charged and directed to serve seven days in administrative segregation. Because plaintiff had been in administrative segregation since February 6, the date he was charged, he claims he should have been returned to the general population on February 13, 1985, but remained in administrative segregation until September, 1985. Plaintiff seeks damages for his alleged illegal placement in administrative segregation from the director only. The district court dismissed the complaint on the ground that the only named defendant Robert Brown was not responsible for the actions of his employees, since he was not personally involved in the alleged wrongful activity.
 
 
 3
 We are called upon only to consider the plaintiff's asserted cause of action against Brown, who was properly determined not to be liable on the basis of respondeat superior. There may be state remedies, as well, for the wrongs asserted. See Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 Accordingly, the motion for counsel is denied and the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.